# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 9, 2022

Lyle W. Cayce
Clerk

No. 21-60304
Summary Calendar

───────────

Mohammad Badruddoja,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

───────────

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A203 652 555

───────────

Before Jolly, Jones, and Ho, *Circuit Judges*.

Per Curiam:*

Mohammad Badruddoja, a native and citizen of Bangladesh, petitions for review of the Board of Immigration Appeal's (BIA) decision dismissing his appeal from an order of the Immigration Judge (IJ) denying his application for asylum, withholding of removal, and protection under the Convention

───────────

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60304

Against Torture (CAT). Badruddoja sought relief based on persecution at the hands of Awami League (AL) members, who targeted him due to his political opinion and membership in the Liberal Democratic Party (LDP). We generally review only the BIA's decision except to the extent that the IJ's ruling influences the BIA. *See Singh v. Sessions*, 880 F.3d 220, 224 (5th Cir. 2018).

The BIA's determination that Badruddoja failed to demonstrate past persecution based on the threats and injuries he experienced is supported by substantial evidence. *See Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005); *see also Gjetani v. Barr*, 968 F.3d 393, 397-98 (5th Cir. 2020); *Eduard v. Ashcroft*, 379 F.3d 182, 188 (5th Cir. 2004). Badruddoja's claim regarding a well-founded fear of future persecution also fails. Contrary to Badruddoja's argument, the BIA did consider the factors set forth in 8 C.F.R. § 1208.13(b)(3), and substantial evidence supports the agency's determination that he could reasonably relocate within Bangladesh to avoid persecution. *See Zhang*, 432 F.3d at 344; 8 C.F.R. § 1208.13(b)(3)(iv). Because Badruddoja has failed to satisfy the asylum standard, he cannot meet the more stringent standard for withholding of removal. *See Efe v. Ashcroft*, 293 F.3d 899, 906 (5th Cir. 2002).

Badruddoja's reliance on general reports of conditions in Bangladesh in support of his claim that the government of Bangladesh would acquiesce in his torture does not compel the conclusion that he is entitled to protection under the CAT. *See Ramirez-Mejia v. Lynch*, 794 F.3d 485, 494 (5th Cir. 2015). In addition, Badruddoja's due process argument fails because he has not shown substantial prejudice with respect to the denial of his motion for a continuance. *See Santos-Alvarado v. Barr*, 967 F.3d 428, 439 (5th Cir. 2020). Accordingly, the petition for review is DENIED.